Brian H. Kim  (State Bar Cal. No. 215492)
BOLT KEENLEY KIM LLP
2855 Telegraph Ave., Suite 517
Berkeley, California 94705
Phone: (510) 225-0696
Fax: (510) 225-1095
Email: bkim@bkkllp.com

R. Chandler Wilson (TN Bar #034491)
Eric Buchanan & Associates, PLLC
414 McCallie Avenue
Chattanooga  TN  37402
Phone: (423) 634-2506
Email: cwilson@buchanandisability.com
*(Pro Hac Vice Application to Follow)*

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILL SHAPIRA, | Case No.: 5:21-cv-00509 |
| Plaintiff, | ***COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA*** |
| v. | |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | |
| Defendants. | |

COMES NOW, Plaintiff, Gill Shapira, and makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay group long-term

disability insurance benefits due under an ERISA employee benefit plan, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

## JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq*. and the subject Benefit Plan constitutes "plan[s] under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. In this case, the required avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3. Venue is proper within the Northern District of California pursuant to 29 U.S.C. § 1132(e)(2). The Plaintiff resides in Sunnyvale, California.

## PARTIES

4. Plaintiff, Christian Hulbert, (hereinafter "Plaintiff"), is a resident of Santa Clara County, California.

5. Defendant The Lincoln National Life Insurance Company (hereinafter "Lincoln"), is an insurance company authorized to transact the business of insurance in this state, and may be served with process through its registered agent for service, CSC – Lawyers Incorporating Service, at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

6. Defendant Lincoln is the party obligated to pay benefits and to determine eligibility for benefits under Group Long-Term Disability Policy No. 000010224468, issued by Lincoln to Applications Software Technology, LLC.

## FACTS

7. Plaintiff was employed by Applications Software Technology LLC.

8. By virtue of his employment, Plaintiff was enrolled in the Applications Software Technology, LLC Health and Welfare Plan, which is an ERISA employee welfare benefit plan (the "Plan").

9. Long-Term Disability Benefits under the Plan are insured by Lincoln under Group Long Term Disability Policy No. 000010224468, issued by Lincoln to Applications Software Technology, LLC.

10. Plaintiff is a participant or beneficiary of the Plan.

11. Plaintiff ceased work on August 15, 2018, while covered under the Plan due to several health conditions, including chronic kidney disease, aortic valve disorder, inflammatory arthritis, recurrent fevers of unknown origin, and chronic nausea, vomiting, and diarrhea of unknown origin.

12. Plaintiff has been and continues to be disabled as defined by the provisions of the Plan and relevant policies.

13. Plaintiff timely filed an application for LTD benefits under the Plan.

14. Lincoln denied Plaintiff's application for LTD benefits and closed his claim on February 29, 2020.

15. Plaintiff submitted a timely appeal on June 24, 2020.

16. Included in the appeal were opinions from Plaintiff's treating physicians Dr. Daniel Shin (infectious disease), Dr. Andrew Rozelle (rheumatology), and Dr. Ian Lam (nephrology), all of whom provided disabling restrictions and limitations.

17. Plaintiff submitted additional medical records in support of his appeal on September 1, 2020 and September 16, 2020.

18. On November 9, 2020, Plaintiff submitted the opinion of his treating gastroenterologist, Dr. Edward Huang, who provided disabling restrictions and limitations.

19. Lincoln upheld its denial by letter dated December 4, 2020 based on the opinion of its own file-reviewing physician.

20. Plaintiff has exhausted his required administrative remedies under the Plan.

21. Lincoln would pay any benefits due out of its own funds.

22. Lincoln owed Plaintiff duties as a fiduciary of the ERISA Plan, including the duty of loyalty.

23. Lincoln was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

24. Lincoln allowed its concern over its own funds to influence its decision-making.

25. Lincoln breached its fiduciary duties to Plaintiff, including the duty of loyalty.

## FIRST CAUSE OF ACTION

## FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)

PLAINTIFF incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

26. Under the terms of the Plan and policy, Defendant agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the Plan.

27. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

28. Defendant failed to provide benefits due under the terms of the Plan, and these denials of benefits to Plaintiff constitute breaches of the Plan.

29. The decisions to deny benefits were wrong under the terms of the Plan.

30. The decisions to deny benefits and decision-making processes were arbitrary and capricious.

31. The decisions to deny benefits were influence by the Defendant's financial conflict of interest.

32. The decisions to deny benefits were not supported by substantial evidence in the record.

33. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which he would have been entitled to under the Plan.

34. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

///

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant him the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability income benefits to which she was entitled through the date of judgement, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which he might be entitled on the basis of being disabled under the LTD plan, in the future so long as Plaintiff remains disabled under the terms of the Plan.

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this court deems just and proper.

Dated: January 21, 2021

BOLT KEENLEY KIM LLP

By: /s/ Brian H. Kim
    Brian H. Kim

ERIC BUCHANAN & ASSOCIATES, PLLC

By: /s/ R. Chandler Wilson
    R. Chandler Wilson

Attorneys for Plaintiff